Bell, J.
This case comes into this court upon an appeal from an order of the Tax Commission of Ohio.
The Gruen Watch Company, within the time prescribed by law, filed a return of its personal property, taxable in the state of Ohio, at the close of the fiscal year ending March 31, 1933. The return was made by the corporation to be taxed and showed as a taxable average manufacturing inventory a value of $355,250.00. This schedule was increased by the taxing authorities in the sum of $148,-890.00, which made a total assessed valuation of personal taxable property of $504,140.00. The Gruen Watch Company then filed an appeal to the Tax Commission of Ohio *474 by which it was sought to reduce the average manufacturing inventory to $355,150.00 as returned by the company.
The tax commission determined that the company was entitled to a refund of $42,410 from the assessed value but as to the balance, found against the company, denied the application and dismissed the appeal.
From this ruling by the tax commission, The Gruen Watch Company has appealed to this court.
The case was submitted upon an agreed statement of facts and the record before the tax commission.
Three questions are presented for determination.
The first arises with reference to the agreed statement of facts. By Section 18 of the statement it was sought to make a part of the record that under Section 313, Title III of the Tariff Act of 1922 and Drawback Regulations (Chapter XX, Customs Regulations of 1923) a drawback allowance was granted to The Gruen Watch Company on completed watches manufactured by The Gruen Watch Company at Cincinnati, Ohio, in which were used imported watch movements, and that this drawback allowance had been allowed since July, 1926, and that The Gruen Watch Company was recognized as a manufacturer of watches for the purpose of securing the drawback under the tariff laws of the United States; and that under Section 605 of the Federal Revenue Act of 1932, and Section 609 of the Federal Revenue Act of 1934, the completed watches had been subject to the excise tax of ten per cent imposed upon the sale of watches by a manufacturer.
The auditor and the tax commission contend that this is not competent, and with that contention the court is in entire accord.
The question of whether or not this company is a manufacturer or a merchant is to be determined by a construction of the statutes of Ohio; the tariff or revenue act of the United States cannot and should not be considered, and the court holds that agreed fact No. 18 in the agreed statement of facts is not competent.
The second question, namely: even if The Gruen Watch Company is a manufacturer with reference to certain items of its return, nevertheless, as to certain other items the company is taxable as a merchant.
*475 This question give no serious difficulty.
Under the statute this company is either a merchant or a manufacturer; if a merchant, then the inventory is taxable at seventy per cent, if a manufacturer at fifty per cent. There is no authority in law for considering part of this inventory as that of a merchant and part as that of a manufacturer, therefore, the cartons and the movement parts set up are either taxable property owned by a merchant or a manufacturer.
The main question in this case is: Does the plaintiff in error come within the terms of Section 5381 which defines a “merchant” or Section 5385 which defines a “manufacturer” for the purpose of listing personal property for taxation ?
Section 5381, General Code, reads as follows:
“A person who owns or has in possession or subject to his control personal property within this state, with authority to sell it, which has been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which has been consigned to him from a place out of this state for the purpose of being sold at a place within this state, is a merchant.”
Section 5385, General Code, reads as follows:
“A person who purchases, receives or holds personal property, of any description, for the purpose of adding to the value thereof by manufacturing, refining, rectifying, or by the combination of different materials with a view of making a gain or profit by so doing, as a manufacturer, and, when he is required to make and deliver to the assessor a statement of the amount of his other personal property subject to taxation, he shall include therein the average value estimated, as hereafter provided, of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying or refining, and of all articles which were at any time by him manufactured or changed in any way, either by combination or rectifying, or refining or adding thereto, which, from time to time, he has had on hand during the year next previous to listing day annually, if he has been engaged in such manufacturing business so long, and if not, then during the time he has been so engaged.”.
*476 By the agreed statement of facts it is established that the inventory, upon which the change was made for the purpose of taxation, considered all watches, watch -movements, watch parts, glass crystals, case bands, backs and bezels, hands, dials and accessories used in the operation of The Gruen Watch Company. It is further agreed that the ordinary watch consists of three parts:
1. A top or bezel which holds the crystal on the face of the watch and snaps into the band;
2. The center part or band to which the movement is fastened by screws; and
3. The bottom or back which is snapped into the band to protect the movement from dirt and damage.
The movements and movement parts used by the company are purchased from a Swiss subsidiary corporation; the glass crystals and case bands, backs and bezels are purchased from an American subsidiary corporation; and dials are bought from independent American watch part manufacturers. These different parts are sent to the company’s plant in this city, called “Time Hill,” and there go through six different departments.
In the casing department the movement is subjected to seventeen hand processes, three in the crystal fitting department, eighteen in the inspection department and thirteen other hand and machine processes in the polishing, accessory, final inspection and shipping departments. These operations are performed by skilled mechanics as well as by machinery.
Upon this state of facts the Tax Commission of Ohio ruled that this company was a “merchant and not a manufacturer.”
Council on both sides in this case have been exceedingly diligent and have submitted to the court many authorities touching on the question of manufacturers and merchants.
This case must be decided by the legislative definitions as set forth in the statute.
The Supreme Court of this state has not passed upon this statute in its present form, but statutes, substantially the same were considered in the case of Engle v. Sohn, 41 O. S., 691. The syllabus in that case reads as follows:
*477 “A person who purchases and slaughters hogs, for the purpose of adding to the value thereof by certain processes and combination with other materials — whereby they are converted into bacon, lard and cured meats, — with a view of making a gain or profit thereby, is a manufacturer and taxable, as such, under Section 2742 of the Revised Statutes.”
In discussing the legislative definitions of a merchant and a manufacturer, as was then provided for by Section 2740 and 2742 of the Revised Statutes, the court used this language:
“In both definitions there is the common element of purchasing personal property, with a view of making a gain or profit. But the definition of a manufacturer contemplates the attainment of such object by adding to the value of the property after purchase, by some process or combination with other materials, while the merchant is supposed to get his advanced price or profit by selling the article as it is, without subjecting it to any change by hand, by machinery, or by art. The material entering into the manufactured article may be modified, more or less, in its identity, as it passes through the several stages of a manufacturing process; but the merchant deals in the manufactured article itself, or its constituents, by buying and selling them in the same condition in which he purchases them. His business is that of exchanges, and not of making or fabricating from raw materials.”
This language is as fully applicable to Section 5381 and 5385, General Code, as now written as it was to Sections 2740 and 2742 of the Revised Statutes when considered by the Supreme Court.
It is an admitted fact that the business of this company is the merchandising of watches as a completed article. In no sense does this company sell the product as it is purchased. No one would seriously contend that the movement of a watch is a watch, or that the case and the crystal and the hands, without the movement, is a watch, but all of those articles combined constitute the watch, and this company purchases these different articles and by the combination of the crystal and the case and the hands, and the movement, manufactures a watch.
Upon this record the court is clearly of the opinion that The Gruen Watch Company is a “manufacturer” under the *478 legislative definition contained in Section 5385, General Code, and under the language of the Supreme Court in the Engle case, supra, and that the personal property of this company is taxable as the property of a manufacturer and not as the property of a merchant.
See also McCullough Seed Co. v. The Tax Commission of Ohio, et al, 32 N. P. (N. S.) 223.
It follows that the order of the Tax Commission should be reversed and that the tax return of the company should be computed upon the basis of tax chargeable against a manufacturer.
An entry may be drawn in accordance with these conclusions..